## PALMER v SMITH, et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16889. Decided March 27, 1939

D. M. Bader, Esq., Cleveland, for plaintiff-appellant.

Franklin G. Gepfert, Esq., Cleveland, for defendants-appellees.

(ROSS, J. of the First District, sitting by designation in place of LEVINE, J.)

## OPINION

By LIEGHLEY, J.

On March 31, 1937, Richard Palmer died testate possessed and seized of a substantial estate. He left surviving him the plaintiff herein, Georgia LaBelle Palmer, his widow, and three children of a former marriage, the defendants named herein.

The three defendants herein were later named executors of his estate, and within the time required by law duly filed an inventory and appraisal on the 25th day of May, 1937. It is not contended that the widow did not receive notice of the filing and hearing on the inventory as required by §10509-59 GC. The inventory as filed was duly approved on the 23rd day of June, 1937.

The document filed on May 25, 1937, of which due notice was given and which was approved on June 23, 1937, is the only one designated by the statute as the inventory. All subsequent documents listing later discovered assets, are additions to or amendments of the original inventory.

On October 6, 1937, another document was filed as an addition to the original inventory, listing a parcel of real estate, to which exceptions were filed and exceptions sustained.

On February 4, 1938, a third document was filed designated as an amendment to the inventory, listing additional assets consisting of cash items, which amendment to the original inventory was approved on February 28, 1938.

On March 24, 1938, the plaintiff undertook to invoke the provisions of §10509-89 GC, by filing a petition to purchase certain real estate at the appraised value. The parcels of real estate which she claims the right to purchase at the appraised value are all listed in the original inventory approved on June 23, 1937.

It is claimed that said three documents that schedule the assets of the estate together constitute the inventory, and the thirty-day limitation for electing to purchase at the appraised value prescribed in §10509-89, GC, does not begin to run until the approval of the last document denominated amendment to inventory.

This section invoked by plaintiff as a basis for her claim of existing right to elect

674

to purchase became effective September 2, 1935. This section is an amendment in this particular of former §10697, GC, under which former section it seems that the widow had a right to elect to purchase any real estate at the appraised value scheduled in the inventory at any time so long as such assets remained assets of the estate. Overturf v Wear, 26 Oh St 538.

The so-called New Probate Code which became effective in 1935, undertook to prescribe an orderly procedure for the speedy administration of estates and fixed definite periods within which each successive step should be taken.

It is now provided that within one month after the appointment of the administrator or executor, an inventory and appraisal shall be filed, listing all the assets of the estate which has come to his knowledge and he is required to make oath that the inventory schedules all the assets that have been exhibited to him, or of which he has knowledge.

Upon the filing of the inventory it becomes the statutory duty of the Probate Court to set a day not later than one month thereafter for hearing on the inventory, of which hearing at least ten (10) days notice must be given to the surviving spouse and others interested in the estate enumerated in the statute. Upon the approval of the inventory by the provisions of §10509-89 GC, the widow is given the exclusive privilege to purchase at the appraised value any items listed in the inventory up to the gross amount fixed by law by the filing of a proper application within one month of the approval of the inventory designating the specific articles or items of property she elects to purchase.

The pertinent portion of this section reads as follows:

Sec. 10509-89: "At any time within one month after the approval of the inventory, the surviving spouse shall have the right to purchase the following property as left by the decedent and not specifically bequeathed * * * ."

"(c). Any other real or personal property of the decedent, not exceeding with the mansion house and land, one-third of the gross appraised value of the estate at the appraised value as fixed by the appraisers."

The plaintiff herein did not comply with the terms of this statute. The items which she petitioned for leave to take at the appraised value were listed in the inventory.

approved on June 23, 1937, and her petition was not filed until March 24, 1938. It was mandatory that her application tion to purchase be filed within one month after June 23, 1937.

The Probate Court so held, with which holding we agree.

While not called upon to decide the question, it is probable that the widow would have the right to invoke he above quoted section to the filing of any document listing additions or amendments to the inventory within the time prescribed. It might very well occur that the administrator or executor, acting in good faith, would file an inventory containing but a minor portion of the estate, and thereafter the major portion of the estate be discovered and duly reported to the court as an addition or amendment to the original inventory, and unless the widow might invoke this section in due time after the filing thereof, the favoritism to the widow sought to be conferred by this section would be defeated by a denial of her right to invoke this section in such event.

The judgment is affirmed.

TERRELL, PJ, & ROSS, J, concur.